## WHEELER *against* PACKER and another.

On the trial of an action of *assumpsit* for money paid by the plaintiff, on an execution against sundry persons, for the use of the defendants, the plaintiff claimed, that the sum demanded was paid by him, on the credit of the defendants, and at their request; and supported this claim, by the direct testimony of a witness. To rebut this testimony, and to shew, that the money was not paid as the plaintiff claimed, but was paid on the credit of the plaintiff's son, the defendants offered evidence to shew, that the plaintiff's son, who was one of the execution debtors, and the agent of all of them, had in his hands a fund, received from them, to satisfy the execution; and that the defendants were poor, and unable to pay any part of it: Held, that this evidence was inadmissible, as affording no reasonable presumption of the fact proposed to be proved, and as leading to interminable enquiries.

This was an action of *assumpsit*, to recover a sum of money, alleged to have been paid by the plaintiff, on the credit of the defendants, and on their express promise to repay it to him.

The cause was tried, on the general issue, in *New-London* county, *January* term, 1821, before *Brainard*, J.

The plaintiff, to prove the issue on his part, introduced as a

witness one *David C. Smith*, who testified, that the plaintiff, at the special request of the defendants, paid the amount demanded, and that the defendants expressly promised to repay to him that amount ; but that, at the time, neither the plaintiff asked, nor did the defendants give, any written security for repayment of the money. It appeared, that the money was paid, by the plaintiff, on an execution issued from the superior court, in an action of trespass, in favour of one *John Slocum*, against the defendants and ten other persons, the crew of the privateer *True Blooded Yankee ;* of whom *Amos Wheeler*, jun. the plaintiff's son, was one, and the agent of the crew, to manage the defence in such suit. In his absence, his father, the present plaintiff, acted for him in relation to that business ; and at the time of the payment in question, he was temporarily absent in the Western country. In connexion with these facts, the defendants offered to prove, by sundry witnesses, that said *Amos Wheeler*, jun., in settling with the crew of the privateer, had reserved from each a proportion of their prize money, as a fund to pay *Slocum's* execution against them. To the admission of this evidence the plaintiff objected ; and the judge rejected it.

From the original attachment in the suit brought by *Slocum*, adduced in evidence by the defendants, it appeared, that real estate of small value of *Amos Wheeler*, jun. was the only property attached ; and that he and one *Grant* gave bonds on the appeal of the cause.

The defendants likewise offered in evidence a receipt in writing from *Amos Wheeler*, jun. to *Peter Washington*, one of the crew, and one of the defendants in the suit brought by *Slocum*, acknowledging the receipt of a part of his, *Washington's*, prize money, to be applied on *Slocum's* execution. This evidence, on the objection of the plaintiff, was rejected.

The defendants further offered to prove, that at the time the execution was settled by the plaintiff, they were, both of them, entirely poor, and unable to pay any part of it. This evidence, also, the plaintiff objected to ; and the judge rejected it. The plaintiff having obtained a verdict, the defendants moved for a new trial, on the ground that the several decisions of the judge rejecting the evidence offered by them, were erroneous.

*Law* and *Brainard*, in support of the motion, after adverting to the general principles of evidence, contended, 1.

That the evidence offered by the defendants, to prove, that the plaintiff's son had a fund in his hands to satisfy the execution in favour of *Slocum,* and that the defendants themselves were utterly unable to pay any part of it, ought to have been received, as affording a presumption that the money paid by the plaintiff was not paid at their request, and on their credit, but on account of the plaintiff's son, whose agent the plaintiff was in the *Slocum* suit, whose estate only was attached in that suit, and who alone gave bonds and conducted the suit. It is not necessary that the proof should *directly* support the facts in issue, or have an *immediate* relation to it; but any circumstances, which will warrant the jury to make an inference bearing upon the point in question, are admissible. If there was a fund provided for the payment of this execution; if the relations subsisting between the depositary and the plaintiff were such as to afford the latter knowledge of that fund, and the purpose for which it was reserved; if he might safely calculate upon it for reimbursement; and if, at the same time, the defendants were poor, and could pay nothing; would not these circumstances conduce to satisfy the minds of the jury, that the plaintiff advanced his money on the credit of that fund, and not on the credit of the defendants? What man of common sense would do otherwise? The evidence, then, was *relevant*—*i. e.* pertinent and proper to counteract the testimony of the plaintiff's witness, and to disprove the plaintiff's claim; and if evidence is relevant, it cannot be rejected, because it does not prove the whole case, nor because it is not conclusive upon the point to which it applies. *Gardner* v. *Preston,* 2 *Day* 205, 208. *Gibson* v. *Hunter,* 2 *H. Bla.* 288. *Swift's Ev.* 153.

2. That if the evidence was admissible, there must be a new trial; because the court cannot estimate its *weight,* or say what effect any fact that is relevant would have on the minds of the jury. *Edwards* v. *Evans,* 3 *East* 455, 6. *Wilson* v. *Rastall,* 4 *Term Rep.* 757, 8. *Aylwin* v. *Ulmer,* 12 *Mass. Rep.* 22. *Tyler* v. *Ulmer,* 12 *Mass. Rep.* 169. In the case last cited, although the evidence was slight, and of a suspicious nature, and, as the court thought, probably would not have obtained credit with the jury; yet as it was in its nature admissible, and was not fully left to their consideration, the court decided, that there must be a new trial.

*Goddard* and *C. Perkins*, contra, were stopped by the court.

HOSMER, Ch. J. The plaintiff has instituted an action to recover of the defendants a sum of money paid on their request, and promise of repayment. The question on the trial, was, whether the sum demanded was paid by the plaintiff, on the credit of the defendants, and on their request; or on the credit of his son, *Amos Wheeler*, jun. The money, it was admitted, was paid by the plaintiff, on an execution, which had issued against one *John Slocum*, against the defendants and ten other persons, one of whom was this son of the plaintiff. A witness was produced, by the plaintiff, who testified to his payment of the money, on the request of the defendants, and to their express promise to repay it; but that no written security was required or given. To rebut this testimony, the court admitted proof, that the said *Amos Wheeler* jun. was the agent of the defendants and others, in the management and defence of the suit, on which the aforesaid execution was granted. The defendants, likewise, exhibited evidence to prove, and claimed that they had proved, that the plaintiff was the agent of his son, in the management of the said suit, during his absence, and that he was absent at the payment of the aforesaid sum of money. The court admitted, in behalf of the defendants, the original attachment in the suit, on which the said execution issued, from which it appeared, that real estate of small value belonging to the plaintiff's son, was the only property attached; and it was further proved, that the plaintiff's son and one *Grant* gave bonds on the appeal of the said suit. On the foundation of the preceding facts, the defendants were permitted to contend, that the money was paid by the plaintiff on the credit of his son, and that the witness adduced by the plaintiff, was mistaken in his testimony; and thus far, no objection has been interposed. But the defendants offered other evidence, which the judge rejected; and on this ground the motion for a new trial is founded.

First, they offered to prove, that the said *Amos Wheeler*, jun. in settling with the crew of the *Yankee*, reserved a proportion of their prize money, to pay the execution aforesaid; and particularly, that he retained a part of the prize money of one *Peter Washington*, for this purpose. Secondly, the defendants offered to prove, that when the aforesaid

execution was settled, they were poor, and had no ability to pay any part of it.

It has been insisted, that the evidence rejected should have been received, not as evincing, absolutely, that the plaintiff advanced his money, on the credit of his son, but as conducing to prove it. The principle is well established, that if circumstantial evidence be such as may afford *a fair and reasonable presumption* of the facts on trial, it ought to be received, and left to the consideration of the jury. *Gibson* v. *Hunter*, 2 *H. Bla.* 288. *Gardner* v. *Preston*, 2 *Day* 205. No case has been cited to shew the admissibility of such evidence as was rejected; nor is there deducible from it any fair or reasonable presumption, that the plaintiff advanced his money on the credit of his son. It is not pretended, that the plaintiff *had knowledge* of there being money in the hands of his son to pay the aforesaid execution; and if he had, the advancement was made in his son's absence, *not on his request*; and by necessary consequence, he could be under no legal obligation to repay it. The defendants were obliged to obtain the money, or suffer imprisonment. The payment of the money, on their request, placed them under a legal responsibility to reimburse the plaintiff; and nothing short of proof evincing the son's liability, and the advancement on his credit, would be sufficient to repel the inference arising from these facts. The evidence offered would scarcely authorize a conjecture, much less afford a reasonable presumption, of the fact proposed to be proved.

The poverty of the defendants warrants no inference, that the plaintiff would not advance money on their credit. Property is not the only object, at which a creditor looks. The integrity, the business, the expectancies, of the defendants, might be reasonable grounds of confidence. And it would be " passing strange," if the plaintiff had disregarded these considerations, and paid his money, on the credit of his son, without knowledge of his responsibility, to the defendants and others; without his solicitation; and with the unquestionable certainty that there would be placed on him no legal liability to refund.

The evidence offered was too vague to authorize any definite presumption; and the principle of *its* admissibility would lead to interminable enquiries. If poverty will authorize inferences concerning a person's agreement; so will wealth, and avarice, and generosity, and benevolence.

Every intellectual and moral property, and every shade of difference in the external condition, of a man, may, on this principle, be exhibited, as evidence, to sustain or destroy his contracts, and to defeat the express testimony of witnesses. The source from which facts are to be established in courts, must warrant something rational and probable, and must not terminate in mere possibility.

The other Judges were of the same opinion.

New trial not to be granted.